JAMES H. SCOTT *v.* CLEVELAND, BRO. & CO.

PAYMENT: APPROPRIATION OF.—Where partial payments are made upon open accounts, the law, in the absence of any legal appropriation of these by the parties, will apply them to the different items which bear interest, in the order in which they fall due.

APPEAL from the Chancery Court of Yazoo county. Hon. E. G. Henry, chancellor.

The bill was filed by the appellant for an injunction against a threatened sale of his property, under a deed of trust executed by him to secure the appellees, in their acceptance of three bills of exchange, drawn by appellant on them, and falling due on the 8th day of April, 1856. After the execution of the deed of trust, and before the maturity of the acceptances, the appellant paid to

the appellees, at different times, several sums of money; and also before the acceptances fell due, the appellees advanced several sums to the appellant upon his sight drafts. A general account current was made out by appellees, in which they charge to the appellant the acceptances, and these several advances, and give him credit for all the payments he had made; and they struck a general balance upon all the transactions, showing the amount due them to be about $1500. To collect this sum, they were proceeding under the deed of trust, by a sale of appellant's property; when the bill was filed, and an injunction in the first instance obtained.

The appellees afterwards moved to dissolve the injunction, and this motion the chancellor sustained; whereupon the complainant appealed.

*R. S. Holt*, for appellant,
Cited, 7 S. & M. 713.

*George B. Wilkinson*, for appellees.

FISHER, J., delivered the opinion of the court.

This was a bill filed in the Chancery Court of Yazoo county, for the purpose of enjoining a sale of property under a deed of trust.

It is alleged that the debt secured by the deed has been paid, and an account current of the defendants is made an exhibit to the bill to establish this fact.

The deed was intended to secure three bills of exchange, drawn by the complainant, and accepted by the defendants, dated April, 1855, and payable twelve months after date. It appears that after the execution of the deed, the defendants made advances to the complainant of other large sums of money; and that he made sundry payments to the defendants prior to the maturity of the bills secured by the deed; and the question, therefore, is how should these credits be applied? The money advanced after the drawing of the bills, was due immediately, in the absence of an agreement to the contrary; and it was, until paid, a debt bearing interest. All payments, therefore, made before the maturity of the bills, would be applied according to the established rule, to

the debts due at the time, or bearing interest; and under this view
of the law, there is no foundation for the bill.

Decree affirmed.